**DUVALL–WHEELER LIVESTOCK BARN et al., Appellants,**

v.

**UNITED STATES of America, Appellee.**

**No. 26308**
**Summary Calendar.**

United States Court of Appeals
Fifth Circuit.
Sept. 8, 1969.

G. Hughel Harrison, Lawrenceville, Ga., for appellant.

Floyd M. Buford, U. S. Atty., Macon, Ga., Robert M. Heier, Alan S. Rosenthal, Attys., U. S. Dept. of Justice, Washington, D. C., Edwin L. Weisl, Jr., Asst. Atty. Gen., for appellee.

Before WISDOM, COLEMAN, and SIMPSON, Circuit Judges.

PER CURIAM:

■ Pursuant to new Rule 18 of the Rules of this court, we have concluded on the merits that this case is of such character as not to justify oral argument and have directed the clerk to place the case on the Summary Calendar and to notify the parties in writing. See Murphy v. Houma Well Service, 5 Cir., 1969, 409 F.2d 804.

This consolidated appeal involves three separate actions in conversion brought by the United States under 28 U.S.C. § 1345 against the appellants, to recover the value of certain livestock in which the government possessed a security interest.

Under the provisions of the Bankhead-Jones Farm Tenant Act, 7 U.S.C. § 1000 et seq., The Farmers Home Administration made four loans to Gerald L. Casaday. On each of those occasions, April 11, 1962, May 10, 1962, July 26, 1963, Casaday gave as security for the debt a Bill of Sale to Secure Debt. Each bill of sale, recorded on the day it was issued, conveyed to the government title to, *inter alia*, Casaday's cattle, farm equipment, and crops. As with all such conveyances, the Administration promised to reconvey title to all the property "if borrower shall pay unto the government all amounts hereby secured and shall fully perform all of the terms, covenants, agreements, and conditions of this conveyance * * *" Each instrument then recited that it was intended as a conveyance and not as a mortgage and included a promise by Casaday not to sell, transfer, or otherwise allow the conveyance of the enumerated property without the written consent of the government.

Casaday then proceeded to have portions of the cattle covered by the bill of sale sold at public auction by the three appellants, each of whom is an auctioneer receiving commissions for the sale of livestock for others. At the time of each of the three sales Casaday owed the government $6,448.43 which has not been repaid; hence all of the cows auctioned off were, at that time, as they are now, security for his outstanding debt. The value of all of the livestock sold by the three defendants is $4,241.44.

■ Subsequently, the United States brought three separate actions in conversion against the appellant auctioneers. It was the government's position that under federal law—which it maintained was controlling—the sale of the livestock at public auction for Casaday's account, in disregard of the recorded bills of sale, was a violation of the government's title and security. Each defendant maintained that it could not be liable for conversion under Georgia law unless it had actual notice.

A summary judgment was granted in favor of the government. The District Court held the appellants liable under both federal and Georgia law. On March 6, 1968, appellants filed a motion for a new trial under Rule 59 F.R.Civ.P. alleging the discovery of new evidence. By order of April 5, 1968, the District Court denied the motion. This appeal ensued.

The Judgment of the District Court must be affirmed, United States v. McCleskey Mills, 5 Cir., 1969, 409 F.2d 1216.

Affirmed.