UNITED STATES of America, Plaintiff,

v.

HARRELL'S STOCKYARDS, INC. and H & M Cattle Company, Defendants.

Civ. A. No. J85–1100(B).

United States District Court,
S.D. Mississippi,
Jackson Division.

Jan. 22, 1987.

L.A. Smith, III, Asst. U.S. Atty., Jackson, Miss., for plaintiff.

Robert S. Murphree, Jackson, Miss., for defendants.

## MEMORANDUM OPINION AND ORDER

BARBOUR, District Judge.

This cause is before the Court on Motion of Plaintiff United States of America for Summary Judgment. The United States, as creditor through the Farmers Home Administration (FmHA), seeks to recover damages for conversion of cattle by Defendants. The Complaint seeks judgment of $25,000, plus interest and costs, for the value of certain cattle which the Defendants purchased from the debtor while the cattle were still subject to a perfected se-

curity interest in favor of the Plaintiff. The United States is a party Plaintiff and federal jurisdiction rests upon 28 U.S.C. § 1345. From the court record and materials submitted, this Court concludes that there is no genuine dispute as to any material fact and the Plaintiff is entitled to prevail as a matter of law. Therefore, Plaintiff's Motion for Summary Judgment shall be granted.

Alford D. Robertson is a farmer who had received loans from the FmHA. The debtor Robertson had executed security agreements in 1981 and 1983 in favor of FmHA covering his cattle, farm products, and farm equipment to secure the loans. The security interests were perfected by FmHA. On September 6, 1983, the Defendants Harrell's Stockyards, Inc. and H & M Cattle Company purchased cattle from Robertson without the knowledge or consent of the government. As payment for the cattle the Defendants issued a check for $25,000 payable only to Robertson. This amount was the fair market value of the cattle. The cattle were covered by the security interests in favor of the Plaintiff, but no part of the proceeds of this $25,000 check was received by FmHA. The FmHA has made demands on its debtor and both Defendants to recover these proceeds.

■ The government brought this action on a theory of conversion. It seeks to recover the fair market value of the cattle bought by the Defendants. The Defendants contend they lacked actual knowledge of the FmHA's security interests. The rights and liabilities to suits arising from FmHA loan transactions must be determined with reference to federal law, to be fashioned by the federal courts according to general principles of commercial law. *U.S. v. Crittenden,* 563 F.2d 678, 681 (5th Cir.1977); *U.S. v. Hext,* 444 F.2d 804, 809 (5th Cir.1971); *U.S. v. Hughes,* 340 F.Supp. 539, 543 (N.D.Miss.1972). In fashioning the general law applicable to suits arising from FmHA loans, the Fifth Circuit instructs that this Court should be guided by principles set forth in Article 9 and other relevant portions of the Uniform Commercial Code. *Hext,* 444 F.2d at 810. The applicable Uniform Commercial Code sections have been adopted by the Mississippi legislature and are instructive to this case.

■ Normally Uniform Commercial Code § 9–307(1), as adopted in *Miss. Code Ann.* § 75–9–307(1) (1972), allows a buyer in the ordinary course of business to take free of previously perfected security interests.

A buyer in ordinary course of business other than a person buying farm products from a person engaged in farming operations takes free of a security interest created by his seller even though the security interest is perfected and even though the buyer knows of its existence.

U.C.C. § 9–307(1). Yet Section 9–307(1) specifically excepts from that class of buyers in the ordinary course of business a person "buying farm products from a person engaged in farming operations." "Farm products" includes livestock. U.C.C. § 9–109(3). It is uncontroverted that the debtor Robertson was a farmer, and that Defendants bought the cattle from a person engaged in farming operations. Since Section 9–307(1) is inapplicable by its terms, we must apply Section 9–306(2).

Except where this chapter otherwise provides, a security interest continues in collateral notwithstanding sale, exchange or other disposition thereof unless the disposition was authorized by the secured party in the security agreement or otherwise, and also continues in any identifiable proceeds including collections received by the debtor.

UCC § 9–306(2). The security interest thus continues in the collateral and a purchaser of the collateral in which the FmHA claims a security interest is liable for conversion. *U.S. v. McClesky Mills, Inc.,* 409 F.2d 1216, 1219 (5th Cir.1969). *See also, Duvall-Wheeler Livestock Barn v. United States,* 415 F.2d 226, 228 (5th Cir.1969); *Hughes,* 340 F.Supp. at 543. Lack of knowledge or "subjective innocence" will not avoid liability for conversion. *McCles-*

*key Mills,* 409 F.2d at 1219; *Hughes,* 340 F.Supp. at 543.

The only fact issue which Defendants have asserted is the Defendants' lack of knowledge of the existence of a FmHA lien on the cattle. This is not a material question since it is clearly established that the purchaser's lack of actual knowledge of a properly perfected security interest has no bearing on the issue of liability. *See McClesky Mills,* 409 F.2d at 1219. There are no material questions of fact and this case may be decided as a matter of law pursuant to Federal Rule of Civil Procedure 56. The Court finds that under the applicable law Defendants are liable for conversion of the cattle secured by the FmHA. The Court holds that the government is entitled to recover from Defendants the sum of $25,000, which is the fair market value of the cattle, with interest from the conversion date and costs. A judgment in accordance with this Memorandum Opinion and Order will be entered in accordance with Federal Rule of Civil Procedure 58.